IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES M TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 4:07cv200 |
| v. | § | |
| | § | |
| MICROSOFT CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

On this day came on for consideration Defendant's Motion to Dismiss (Dkt. 8). Having considered the motion and Plaintiff's response, the Court is of the opinion that Defendant's Motion to Dismiss should be DENIED. Further, the Court GRANTS Plaintiff's Motion for Extension of Time to serve his complaint (Dkt. 11).

**Background**

Plaintiff James M. Taylor filed this suit against Defendant Microsoft Corporation on April 19, 2007. Plaintiff is *pro se*. Defendant has filed a motion to dismiss, alleging that this Court should dismiss Plaintiff's case because Defendant was not served within 120 days of Plaintiff filing suit in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. Defendant filed its motion to dismiss on August 23, 2007, 125 days after suit was filed.

**Standard**

Defendant seeks dismissal based on lack of service. Rule 4 of the Federal Rules of Civil Procedure sets forth the guidelines to determine what constitutes valid service of process. FED. R.

Civ. P. 4. If a plaintiff has not effected proper service within 120 days of filing the complaint, the court may either dismiss the action without prejudice or allow additional time for service. Fed. R. Civ. P. 4(m). *Cf. Grant-Brooks v. Nationscredit Home Equity Servs.*, 2002 WL 424566 (N.D. Tex. 2002) (quashing service of process but denying motion to dismiss because 120-day time period to serve defendant had not expired). Here, more than 120 days passed since the filing of Plaintiff's complaint before Plaintiff attempted service.

Upon a showing of good cause for the failure of service, the court *must* extend the time for service. Fed. R. Civ. P. 4(m). Good cause is more than inadvertence, mistake of counsel, or ignorance of the rules. *See System Signs Supplies v. U.S. Dep't of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990). The plaintiff must show excusable neglect, as well as establish good faith and a reasonable basis for not serving the summons and complaint within the time allowed by the rules. *Id.* Although *pro se* status does not wholly excuse a litigant's failure to effect service, it can provide grounds for leniency in finding that there is good cause – especially where there is evidence that the defendant had notice of the suit despite the failure to effect service. *Id.* at 1013-14. And, even where there is no good cause shown, the court may, *in its discretion*, extend the time for service. *Thompson v. Brown*, 91 F. 3d 20, 21 (5th Cir. 1996).

**Analysis**

The Court finds there is no need to determine whether Plaintiff has demonstrated good cause here, because, in light of the information before it, it exercises its discretion to extend the deadline to serve Defendant. As noted above, such an extension of time to serve is within this Court's discretion, and the Court finds it is warranted here. *Id.*

Plaintiff claims that he was attempting to locate counsel to assist in prosecuting his case and suggests that he has been in settlement negotiations with Defendant since filing of the suit.  While this is certainly does not absolve him from failing to serve Defendant within 120 days, it provides a good faith explanation.  Moreover, Defendant concedes that it has been aware of Plaintiff's suit for some time, and the Court cannot see how Defendant would be specifically prejudiced by the extension of time to serve.  Indeed, if the case were dismissed without prejudice, Plaintiff could re-file and Defendant would end up in the same place as it finds itself now.

The Court finds that, in part because of his status as a *pro se* litigant and in part because of his attempted efforts to secure counsel and to reach a settlement before causing both Plaintiff and Defendant to incur court costs and fees in this matter, Plaintiff's motion to extend time to serve should be granted.

The Court notes that Plaintiff had summons issued (and claims to have served Defendant) within a little more than a week after being made aware of Defendant's motion to dismiss based on his failure to formally serve Defendant.  *Cf. Hunt v. Smith*, 67 F. Supp.2d 675, 684-85 (E.D. Tex.1999) (finding there was no good cause to extend time period for service where plaintiff made only one attempt at service and made no attempt to reserve defendant after an objection was filed).  Therefore, it appears Plaintiff promptly acted when learning of the potential of dismissal despite his lack of representation.  The Court notes that it appears that Plaintiff remains *pro se.*  The Court cautions Plaintiff that, despite his *pro se* status, he is expected to abide by all applicable rules in this case and future requests for leniency will not be taken lightly.

Plaintiff shall have until **November 20, 2007** to properly serve Defendant, in accordance with the Rules of Civil Procedure and file a return of service with this Court.  No additional extensions

3

will be granted. If Plaintiff fails to properly comply with Rule 4 in all respects by that date, the Court will recommend that his case be dismissed.

### Recommendation

Based on the foregoing, the Court recommends that Defendant's Motion to Dismiss (Dkt. 8) be DENIED. Further, the Court GRANTS Plaintiff's Motion for Extension of Time to serve his complaint (Dkt. 11).

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge denying the motion to dismiss. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 6th day of November, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE